# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOBBY LOBBY STORES, ) <br> INC. ) <br> ) <br> Defendant. ) | Case No. <br><br> Demand for Jury Trial |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act, as amended, ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to S.C., who was adversely affected by such practices. As alleged with greater particularity below, Defendant Hobby Lobby Stores, Inc. violated the ADA by failing to make reasonable accommodations to S.C.'s known physical or mental limitations and by terminating her employment on the basis of disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted

1

pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Kansas.

## **PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Hobby Lobby Stores, Inc. ("Hobby Lobby") has continuously been an employer engaged in industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

5. At all relevant times, Hobby Lobby has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, S.C. timely filed a charge of discrimination (Charge No. 563-2021-01073) with the Commission. S.C.'s charge alleged violations of Title I of the ADA by Hobby Lobby.

7. The Commission sent Hobby Lobby timely notice of S.C.'s charge.

8. On November 12, 2021, the Commission issued to Hobby Lobby a Letter of Determination finding reasonable cause to believe that Hobby Lobby violated the ADA.

9. The Letter of Determination invited Hobby Lobby to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

10. The Commission engaged in communications with Hobby Lobby to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Hobby Lobby a conciliation agreement acceptable to the Commission.

12. On February 23, 2022, the Commission issued a Notice of Failure of Conciliation to Hobby Lobby.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

14. S.C. is a qualified individual with disabilities as defined under the ADA. S.C. suffers from post-traumatic stress disorder (PTSD), depression and anxiety. To manage her conditions, S.C. uses a trained medical service dog.

15. On or about August 31, 2020, S.C. began her employment with Hobby Lobby, as a part-time clerk at Store #75 in Olathe, Kansas.

16. As a part-time clerk, S.C. performed cashier duties and assisted in the Seasonal, Home Accents, and Floral Departments, including unloading and stocking merchandise.

17. On or about October 3, 2020, S.C. informed her Store Manager that she was obtaining a fully-trained medical service dog to assist her with symptoms related to her anxiety, depression, and PTSD, and she needed to bring the service dog to work with her.

18. The Store Manager asked S.C. to provide medical documentation to support her request for accommodation and referred the matter to Corporate Human Resources.

19. S.C. provided Hobby Lobby with a letter from her mental health provider to support her request to bring her service dog to work.

20. Human Resources Specialist Dontae Cooper met with S.C. on October 8, 2020 to discuss her request for accommodation.

21. On or about October 14, 2020, Hobby Lobby denied S.C.'s request for accommodation, alleging it would cause an undue hardship to store operations.

22. The denial letter from Human Resources states, "due to identified safety hazards and the overall nature of the business, [S.C.] may not utilize a service animal while cashiering or unloading freight and stocking."

23. Mr. Cooper told S.C. that her request to use a service dog was denied due to safety precautions. He told S.C. it was a safety hazard because someone could be allergic to the dog, someone might trip over the dog, or the dog might break something.

24. Hobby Lobby did not allow S.C. to bring her service dog to the store to see whether it would cause any problems.

25. S.C. took off the week of October 22, 2020 to complete training with her service dog.

26. On October 27, 2020, S.C. returned to work with her service dog and renewed her request for reasonable accommodation. The Store Manager sent S.C. home and told her that she could not have her service dog at work.

27. The Store Manager told S.C. that if she could not work without her service dog, it would be considered job abandonment.

28. S.C. could not work without her service dog and did not return to work.

29. On October 30, 2020, Hobby Lobby terminated S.C. for job abandonment.

30. Customers are allowed to bring service dogs and other dogs into Hobby Lobby Store # 75 in Olathe, Kansas, despite the alleged safety risks the company cited in denying S.C.'s request for accommodation.

## STATEMENT OF CLAIMS

### (Count I – ADA – Failure to Accommodate)

31. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

32. S.C. is a qualified individual with disabilities as defined in the ADA because she has mental impairments that substantially limit one or more major life activities, and/or the operation of a bodily organ.

33. Hobby Lobby was aware of S.C.'s disabilities.

34. S.C. is qualified and able, with reasonable accommodation, to perform the essential functions of the position of part-time clerk at Hobby Lobby Store # 75 in Olathe, Kansas.

35. S.C. requested a reasonable accommodation, namely, to bring her service dog to work with her.

36. Hobby Lobby engaged in unlawful employment practices at its

Olathe, Kansas store in violation of Section 102(a) and (b)(5)(B) of Title I of the ADA, 42 U.S.C. §12112(a) and (b)(5)(B) by refusing to make reasonable accommodation to S.C.'s known mental and physical limitations.

37. Allowing S.C. to use her service dog as a reasonable accommodation would have enabled her to safely perform her part-time clerk job and would not have imposed an undue hardship on the operation of Hobby Lobby's business.

38. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of S.C.

39. The effect of the practices complained of herein has been to deprive S.C. of equal employment opportunities because of her disabilities.

40. As a direct and proximate result of the practices complained of in the foregoing paragraphs, S.C. has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

### (Count II – ADA – Discharge)

41. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

42. S.C. is disabled within the meaning of the ADA.

43. Hobby Lobby terminated S.C. because of her disabilities.

44. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of S.C.

45. The effect of the practices complained of herein has been to deprive S.C. of equal employment opportunities because of her disabilities.

46. As a direct and proximate result of the practices complained of in the foregoing paragraphs, S.C. has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Hobby Lobby, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to employ a qualified

individual with a disability because he or she needs a reasonable accommodation to perform the duties of his or her position.

      B.      Order Hobby Lobby to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Order Hobby Lobby to make whole S.C. by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place instatement of S.C.

      D.      Order Hobby Lobby to make whole S.C. by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

      E.      Order Hobby Lobby to make whole S.C. by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, humiliation, embarrassment, loss of self-esteem, anxiety, stress, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Hobby Lobby to pay S.C. punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

## PLACE OF TRIAL

The Commission requests Kansas City, Kansas as the place of trial.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney, MO Bar No.46520
D. Kan. Bar No. 18988

LAUREN JOHNSTON
Acting Supervisory Trial Attorney

/s/ DAYNA F. DECK
DAYNA F. DECK
Trial Attorney, MO Bar No. 39033
D. Kan. Bar No. 78505
U.S. Equal Employment Opportunity Commission
400 State Avenue, Suite 905
Kansas City, KS 66101
(913) 340-8824
Email: dayna.deck@eeoc.gov


JENNIFER L. ARENDES
Trial Attorney, MO Bar No. 46638
U.S. Equal Employment Opportunity
St. Louis District Office
1222 Spruce Street, Rm 8.100
St. Louis, MO 63103
(314) 303-1915 (mobile)
Email: jennifer.arendes@eeoc.gov

**ATTORNEYS FOR PLAINTIFF EEOC**