## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:22-CV-02258-TC-TJJ |
| HOBBY LOBBY STORES, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Hobby Lobby Stores, Inc. ("Hobby Lobby" or "Defendant") hereby answers the specific allegations of the Complaint filed by Plaintiff, the Equal Employment Opportunity Commission ("Plaintiff"). Defendant generally denies any violation of law, including relative to S.C., and further denies that it discriminated against S.C. or is liable to S.C. in any way. All allegations in Plaintiff's Complaint are denied unless specifically admitted in this Answer. Each paragraph below corresponds to the respective numbered paragraph in Plaintiff's Complaint.

Initially, Hobby Lobby denies the allegations set forth in the first paragraph of the Complaint, under "Nature of the Action." Defendant denies that it engaged in any unlawful employment practices on the basis of disability, that S.C. is entitled to any relief, that S.C. was adversely affected by any action of Hobby Lobby, and denies that it violated the ADA by failing to make reasonable accommodations to S.C. and terminating her employment.

1.      Defendant admits that jurisdiction is proper in this Court pursuant to 28 USC § 1331 and § 1345, but denies that the other cited bases for jurisdiction are proper. Defendant admits that Plaintiff institutes this action pursuant to the Americans with Disabilities Act, as amended ("ADA"), 42 USC § 12117, but denies that this action is authorized or that Plaintiff has any legally viable claims. Defendant further denies that it violated the ADA. Defendant admits that the ADA incorporates both 42 USC § 2000e and 42 USC § 1981a, but denies that Plaintiff or S.C. are entitled to any relief under these statutes.

2.      Defendant admits that venue is proper in this Court. Defendant denies that any unlawful employment practices were committed.

3.      Paragraph 3 of Plaintiff's Complaint merely purports to state the role of the EEOC and the laws it enforces, which requires no answer. To the extent an answer is necessary, Defendant denies that Plaintiff's Complaint states any legally viable claims.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted; however, Defendant denies that there was reasonable cause to believe that Hobby Lobby violated the ADA.

9.      Admitted; however, Defendant denies that any discriminatory practices occurred.

10.     Admitted the parties engaged in communications regarding conciliation; however, Defendant denies that any discriminatory practices occurred.

11.     Defendant admits that conciliation efforts failed. The Commission failed to engage in appropriate conciliation efforts, including pursuant to 29 CFR § 1601.24(d).

12.     Defendant admits that the Commission issued a Notice of Failure of Conciliation dated February 23, 2022 to Hobby Lobby on February 24, 2022.

13.     Denied.

14.     Denied.

15.     Admitted.

16.     Admitted that paragraph 16 of Plaintiff's Complaint provided a non-exhaustive list of S.C.'s job duties.

17.     Defendant admits that on or about October 3, 2020, S.C. approached her store manager regarding a request for a service dog to help her with anxiety and depression. Defendant denies the remainder of paragraph 17 of Plaintiff's Complaint.

18.     Admitted.

19.     Defendant admits that S.C. provided Hobby Lobby with a letter regarding a service dog – however, the letter did not support her request to bring her service dog to work. Defendant denies the remainder of paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that Human Resources Specialist Dontae Cooper talked with S.C. on October 8, 2020 regarding her request for accommodation.

21.     Defendant admits that paragraph 21 provides a non-exhaustive explanation regarding the denial of S.C.'s accommodation request. Defendant admits that part of the

3

reasoning for the denial of S.C.'s request was that it would cause undue hardship to store operations.

22.     Defendant admits that paragraph 22 provides a partial, non-exhaustive quote from the denial letter from Human Resources.

23.     Defendant admits that Mr. Cooper advised S.C. that her request to use a service dog was denied, and that such request was denied in part due to safety precautions. Defendant denies the remainder of Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits S.C. did not bring her service dog to the store because S.C. did not yet have a service dog. Defendant denies the remainder of Paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits that Plaintiff took time off of work on or around October 22, 2020.  Defendant denies the remainder of Paragraph 25 of Plaintiff's Complaint.

26.     Defendant admits that on October 27, 2020, S.C. returned to work with her service dog, and that the store manager told S.C. she could not have the dog at work. Defendant denies the remainder of paragraph 26 of Plaintiff's Complaint.

27.     Denied.

28.     Defendant admits that S.C. failed to report to work. Defendant denies the remainder of paragraph 28 of Plaintiff's Complaint.

29.     Admitted.

30.     Defendant admits that customers are permitted to bring dogs into Hobby Lobby Store #75 in Olathe, Kansas, subject to applicable laws and circumstances. Defendant denies the remainder of paragraph 30 of Plaintiff's Complaint.

4

5

31.     Paragraph 31 of Plaintiff's Complaint merely purports to repeat and incorporate foregoing allegations, which requires no answer by Defendant. To the extent an answer is necessary, Defendant denies paragraph 31.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Paragraph 41 of Plaintiff's Complaint merely purports to repeat and incorporate foregoing allegations, which requires no answer by Defendant. To the extent an answer is necessary, Defendant denies paragraph 41.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied. Defendant further denies that Plaintiff and S.C. are entitled to any of the relief sought in the "Prayer for Relief," including all subparts (A)-(H).

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff fails to state any claim(s) upon which relief can be granted.

2.      The Complaint fails to establish any discriminatory conduct or legal violation on the part of Defendant.

3.      All actions taken with regard to S.C. were based on legitimate, non-discriminatory, non-pretextual business reasons.

4.      S.C. suffered no adverse employment action.

5.      S.C. is not a qualified individual with a disability.

6.      Plaintiff cannot establish that Defendant would not have made any alleged adverse employment decision "but-for" S.C.'s alleged disability.

7.      S.C. failed to request a plausibly reasonable accommodation.

8.      S.C. failed to cooperate in good faith and/or caused a breakdown of the interactive process. Defendant engaged in the interactive process with S.C. in good faith in order to identify and make a reasonable accommodation that would not cause an undue hardship.

9.      S.C. rejected a reasonable accommodation, aid, service, opportunity, or benefit offered by Defendant that would have enabled S.C. to perform the essential functions of a position, and as such is not considered qualified.

10.     Any alleged impairment of S.C. was both transitory and minor.

11.     Any alleged accommodation of S.C. would result in an undue hardship to Defendant.

12.     S.C. posed a direct threat to the health or safety of herself or others in the workplace.

13.     All standards, criterion, and policies utilized by Defendant relative to S.C. are both job-related and consistent with business necessity.

14.     The Commission failed to engage in appropriate conciliation efforts, including pursuant to 29 CFR § 1601.24(d).

15.     Defendant asserts the equitable defense of unclean hands.

16.     The Commission's request for injunctive relief should be denied.

17.     Plaintiff's claims, in whole or in part, may be barred by applicable statutes of limitation and/or S.C.'s failure to exhaust administrative remedies.

18.     Plaintiff did not suffer the damages alleged in the Complaint, and/or is not entitled to the relief sought in the Complaint.

19.     Without admitting liability, or that S.C. has suffered any damage or loss for which Defendant should be legally responsible, S.C. is not entitled to any monetary damages to the extent that she has failed to reasonably mitigate such damages. At a minimum, any damages must be offset and reduced by any and all amounts which S.C. earned or could have earned with reasonable diligence.

20.     Without admitting liability, or that S.C. has suffered any damage or loss for which Defendant should be responsible, Defendant's actions were taken in good faith, without malice, reckless indifference, or willfulness to the federally protected rights of S.C., such that certain relief sought is not available to Plaintiff or S.C.

21.     Without admitting liability, the alleged actions or decisions of Defendant's

managerial agents were contrary to the Defendant's good faith efforts to comply with the

law.

22.     Defendant denies liability to Plaintiff and S.C. under all claims and legal

theories, and further denies that Plaintiff and S.C. are entitled to any relief, legal or

equitable, whatsoever.

Respectfully submitted,


FOULSTON SIEFKIN LLP

By:   *s/ Tara S. Eberline*
Tara S. Eberline, KS # 22576
7500 College Blvd, Ste. 1400
Overland Park, KS 66210
(913) 498-2100
(913) 498-2101 FAX
Email: teberline@foulston.com

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Jennifer L. Arendes
Dayna F. Deck
Equal Employment Opportunity Commission
Email: Jennifer.arendex@eeoc.gov
Email: dayna.deck@eeoc.gov

*Attorneys for Plaintiff*

*s/Tara Eberline*
Tara Eberline